UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DORY KARINEN,
DANIEL KARINEN,

        Plaintiffs,

        v.                                                Case No. 07-C-1153

AUTOMOBILE INSURANCE COMPANY
OF HARTFORD CONNECTICUT,

        Defendant.

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Before the court is a motion to remand filed by Dory and Daniel Karinen. For the reasons set forth below, the motion will be denied.

As alleged in the complaint, this action arises out of an automobile accident between Dory Karinen and Aymee Young, an uninsured driver. As a result of the accident, Dory Karinen sustained personal injuries. She submitted a claim for uninsured motorist benefits to her insurer, Automobile Insurance Company of Hartford, Connecticut (Hartford). On December 5, 2007, the plaintiffs filed this action in the Circuit Court of Milwaukee County, Wisconsin, naming Hartford as the sole defendant. The original complaint alleges breach of contract based on the automobile insurance policy, breach of good faith and fair dealing, unfair methods and practices in the business of insurance, violation of Wisconsin Statute § 328.46 and Wisconsin Administrative Code Ins. § 6.11, and loss of consortium.

On December 21, 2007, defendant Hartford filed a notice of removal to the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1441,[1] based on the diversity of citizenship of the plaintiffs and the defendant. Subsequently, on January 18, 2008, the plaintiffs moved this court to remand this action back to state court.

In the notice of removal Hartford invokes only diversity jurisdiction. Pursuant to the diversity statute, federal district courts have original jurisdiction of civil actions in which the matter in controversy exceeds $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

The main point of disagreement between the parties is whether the uninsured driver, her parents, third party administrators, and a chiropractic provider are necessary parties for the case to proceed and would destroy diversity. In their motion to remand, plaintiffs rely on the affirmative defense located in paragraph 36 of the defendant's answer, which states: "Plaintiffs have failed to join necessary parties for a complete adjudication on the merits of the case." (Answer ¶ 36.) Hence, plaintiffs contend that this affirmative defense is inconsistent with defendant's removal of the case. Then, plaintiffs argue that Aymee Young and her parents Timothy Young and Elizabeth Young are necessary parties who should be joined as defendants.[2] However, because the Youngs are Wisconsin residents, addition of any of these parties will destroy diversity. With their motion to remand, the plaintiffs submitted a draft of an amended complaint, captioned for state court, which lists the following

---

[1] Plaintiffs Dory and Daniel Karinen are citizens of Milwaukee County, Wisconsin. Defendant's principal place of business is in Hartford, Connecticut, and its state of incorporation is unspecified in the complaint or answer.

[2] Timothy Young sponsored Aymee Young's driver's license and Elizabeth Young owned the vehicle Aymee Young was operating at the time of the accident. The plaintiffs allege that they did not originally sue Aymee, Timothy and Elizabeth Young because Hartford had previously told them that it was unnecessary to pursue these individuals.

2

defendants: Hartford, Timothy Young, Elizabeth Young, Aymee Young, Inginex, Meridian Resource Company, and Dr. Jason Lauer. (Conrad Aff. Ex. D.) Plaintiffs ask the court to remand this matter back to the state court so that when these additional parties are added, the "procedural hoops" (Mem. in Supp. of Mot. to Remand at 5) such as "forcing" plaintiffs to file a motion to amend the complaint, "requir[ing] the newly added parties to appear in federal court, participate in a Motion to Remand, and then deal with the remand of this matter back to state court" (*id.*) are avoided.

In response, Hartford claims that these various parties are not necessary parties. Further, in response, Hartford filed an amended answer in which it removed the affirmative defense in question.

However, whether there may exist parties whose presence may be necessary for adjudication is beside the point. As this case has been pled, Hartland is the sole defendant and plaintiffs have not moved this court to amend their complaint to add defendants. Nor has defendant moved to dismiss for failure to join an indispensable party. Therefore, the issue of indispensable parties is not properly before the court at this time and requires no further discussion, except to note, federal courts cannot render advisory opinions. *Cf. Hoover v. Wagner*, 47 F.3d 845, 851 (7th Cir. 1995) ("[W]hat he is seeking is an advisory opinion, which federal courts have no power to issue.").

The plaintiffs' argument that procedural hoops would be avoided if this case is remanded to the state court is not persuasive. The court cannot simply disregard federal statutes and rules of procedure respecting removal. As this case stands, the plaintiffs' motion to remand cannot be granted.

Nevertheless, the court "has an independent duty to satisfy itself that it has subject-matter jurisdiction." *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th

3

Cir. 1994); *see* Fed. R. Civ. P. 12(h)(3). Review of the notice of removal and complaint suggests that this case may not meet the jurisdictional amount for diversity jurisdiction. The amount in controversy is the sum required to satisfy the plaintiff's demands in full. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). normally, a federal court determines whether the jurisdictional amount is met by reference to the complaint at the time the notice of removal is filed. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006). However, if the complaint does not establish the amount in controversy, the party seeking removal must show, by a preponderance of the evidence, facts from which it can be inferred that the jurisdictional amount has been met. See *id.* at 541-43.

Here, the notice of removal states only that removal is based on diversity of citizenship and provides no facts independent of the complaint for finding the jurisdictional amount satisfied. The complaint mentions "personal injury, necessitating medical care and treatment," $10,881.17 in medical treatment, and loss of consortium. (Compl. ¶¶ 8, 35.) Nowhere in the complaint is there any mention that Dory Karinen's injuries are permanent or severely debilitating or other facts showing that the jurisdictional amount is met. It remains unknown whether there exists the possibility of more than $64,000 in additional damages. Because it is unclear from the record whether the jurisdictional amount is met, the court requires the filing of short briefs or affidavits regarding the amount of damages. *See Meridian*, 441 F.3d at 541-41 (discussing several ways in which a removing defendant can establish what the plaintiff stands to recover).

Further, notwithstanding Hartford's assertion in the notice of removal that the parties are diverse, neither the pleadings nor the notice of removal provide the defendant's state of incorporation to confirm that diversity. *See* 28 U.S.C. § 1332 ("[A] corporation shall

4

be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .") Therefore, the court will require an affidavit by defendant regarding its state of incorporation.

Finally, the court will strike Hartford's Amended Answer as improperly filed. Federal Rule of Civil Procedure 15(a) provides that pleadings, such as answers, to which no responsive pleading is permitted may be amended at any time within twenty days after the original pleading is served. Otherwise, a party may amend its pleading only by leave of court or by written consent of the adverse party. *Id*. The original answer was filed on December 26, 2007, and the Amended Answer was filed January 25, 2008. Thus, more than twenty days passed between the two filings. Hartford did not seek leave of court for the amendment and has not obtained written consent from the plaintiffs.

Therefore,

IT IS ORDERED that the plaintiffs' Motion to Remand is DENIED.

IT IS FURTHER ORDERED that the defendant's Amended Answer is stricken.

IT IS FURTHER ORDERED that within fourteen days of this order the parties file a brief, no more than five pages in length, or affidavit regarding the jurisdictional amount, and defendant is to file an affidavit regarding its state of incorporation.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

5